HARRIS (DEXTER v.). See Case No. 3.862.

HARRIS (D'WOLF v.). See Case No. 4.221.

---

## Case No. 6,119.

### HARRIS v. EXCHANGE NAT. BANK.

[4 Dill. 133: [1] 14 N. B. R. 510; 3 N. Y. Wkly. Dig. 432; 3 Cent. Law J. 768; 1 Cin. Law Bul. 357.]

Circuit Court, W. D. Missouri. Nov. 21, 1876.

#### BANKRUPTCY — EFFECT OF AGREEMENT NOT TO RECORD MORTGAGE ON THE RIGHTS OF THE ASSIGNEE.

A deed of trust intended to give a creditor a preference, fraudulent under the bankrupt act [of 1867 (14 Stat. 517)], was executed more than

<hr>

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

four months before the commencement of proceedings in bankruptcy against the grantor therein; in order to prevent the knowledge thereof from coming to other creditors, and to have it validated by lapse of time, the grantor and beneficiary agreed that it should be kept off the record; after the lapse of four months from the date of the deed of trust, but within four months of the filing of the petition in bankruptcy, the instrument was deposited for record: Held, on a bill in equity, filed by the assignee in bankruptcy against the beneficiary to set aside the deed of trust, that the suit was not barred because the proceedings in bankruptcy were commenced more than four months after the execution of the deed of trust.

[Cited in Bostwick v. Foster, Case No. 1,682; Re Oliver, Id. 10,492; Anibal v. Heacock, 2 Fed. 170; Matthews v. Westphal, 48 Fed. 665.]

[Appeal from the district court of the United States for the western district of Missouri.]

In equity.

Henry Flanagan, for complainant (appellee).

Lay & Belch, for defendant (appellant).

DILLON, Circuit Judge. This is a bill in equity to set aside a deed of trust made by the bankrupt, Bass, for the benefit of the defendant bank [the Exchange National Bank of Columbia] and others, to secure about $26,000. The deed of trust was executed June 14th 1873. It contains an endorsement by the recorder that it was filed for record October 15th, 1873, but it is shown by the proofs aliunde that it was not actually spread at large on the records until between December 10th and 17th, 1873. On the 20th day of February, 1874, an involuntary petition in bankruptcy was filed against Bass, and he was adjudged a bankrupt on the same day.

This suit was brought by the assignee in bankruptcy on the 17th day of June, 1874; and the bill, as amended, seeks to set aside the deed of trust on two grounds: First, because it is fraudulent under the bankrupt act; second, because it was actually fraudulent, being made to hinder and delay creditors.

I think there is no sufficient evidence to overturn the conveyance on the second ground.

As to the first ground, I am of opinion that the proofs show that Bass was insolvent when the deed of trust was made ; that the bank knew, or had reasonable cause to know, this fact, and that it intended to secure a preference in contravention of the bankrupt act. I am further of opinion that at the time it was taken it was agreed that it should not be recorded, but should be kept secret until four or six months from its date should elapse, within which it could be attacked under the bankrupt act. Pursuant to this agreement, the bank did not deposit the instrument for record until October 15th (four months and one day), and the evidence tends to show that, out of favor to the bank, the instrument was not actually registered

until about the middle of December, just six months after its execution, the officers of the bank being uncertain whether four or six months was the limit. The petition in bankruptcy was filed within four months after the deed of trust was deposited with the recorder.

It is now insisted by the bank that, inasmuch as the deed of trust was executed and delivered more than six months before the proceedings in bankruptcy, it is too late to assail it on the ground that it was made in contravention of the bankrupt act. In support of this position, it is maintained that the deed took effect from the date of its execution, and not from the time it was filed for record or recorded. Gibson v. Warden, 14 Wall. [81 U. S.] 244; In re Wynne [Case No. 18,117]; Sawyer v. Turpin, 91 U. S. 114; Cragin v. Carmichael [Case No. 3,319].

When the question is not controlled by statutable provision, this is a sound general proposition. But it would be against principle and sound policy, and even shock the moral sense, to allow a creditor, pursuant to an understanding with his debtor, intentionally to conceal from other creditors the existence of an instrument which is a fraud upon their legal rights, and for this purpose keep it off the records, to insist that the statute commences to run from the date of the execution of the instrument.

Under the circumstances of the case, I am of opinion that the four months limitation did not begin at least until the 15th day of October (when the deed was filed for record), which was less than four months before the commencement of the proceedings in bankruptcy. This conclusion is supported by many cases, analogous in principle, in which courts of equity have refused to apply the bar of the statute where the fraud has been perpetrated and concealed by the party who seeks to avail himself of the lapse of time. Hovenden v. Lord Annesley, 2 Schoales & L. 609; Bailey v. Glover, 21 Wall. [88 U. S.] 342, Hildeburn v. Brown, 17 B. Mon. 779. The observations of Gaston, J., in Hafner v. Irwin, 1 Ired. 490, 498–500, are very forcible, and strongly sustain the view we have taken.

It is probably a sound principle that if secrecy, or an agreement or understanding not to record, for the purpose of concealing the instrument from other creditors, constitutes part of the consideration or inducement to the making of the security, this will taint the same with mala fides as to creditors injuriously affected thereby; but, however this may be, it will, at all events, preclude the creditor receiving such security (which is all that it is necessary here to decide) from insisting, as to such other creditors, that the instrument takes effect and becomes effectual from the date of its execution, and not from the date of its registry.

This conclusion, viz.: that the deed of trust, as respects creditors, was inoperative until filed for record, is also supported by the reg-

istry statute of Missouri (1 Wag. St. §§ 24–26, p. 227), which provides that "no such instrument shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

The decree of the district court setting aside the deed of trust is affirmed. Affirmed.

NOTE.—Certain observations in Sawyer v. Turpin, 91 U. S. 114, throw some doubt upon what is said in the foregoing opinion as to the effect of an agreement not to record a mortgage; but it is believed there is no necessary conflict between the points really decided in the two cases. The subject is fully discussed by Love, J. (United States circuit court for Iowa, May term, 1878), in Stephens v. Sherman [Case No. 13,369a]. The principal case was not appealed.